United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **POWER QUALITY & ELECTRICAL SYSTEMS, INC.; RAJINDER K. SINGH; AND TEJINDAR P. SINGH,**<br><br>Plaintiffs,<br><br>vs.<br><br>**BP WEST COAST PRODUCTS LLC,**<br><br>Defendant. | Case No.: 16-CV-04791 YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**(DKT. NO. 29)** |

The Court having carefully reviewed the papers filed in support and in opposition, and the pleadings in this matter, the motion (Dkt. No. 29) of Defendant BP West Coast Products LLC ("BP") to dismiss the Second Amended Complaint ("SAC") is **GRANTED IN PART WITHOUT LEAVE TO AMEND** as to the unfair prong of claim 3 under the Unfair Competition Law (Cal. Bus & Prof. Code section 17200) and as to claim 4 under the False Advertising Law (Cal. Bus. & Prof. Code 17500). The motion is otherwise **DENIED** on the remainder of the grounds stated therein. The reasons follow.[1]

**I.   STATUTE OF LIMITATIONS – CLAIMS 1, 2, 3, 4**

On the statute of limitations issue, the Court's prior order stated that, although plaintiffs had alleged that Eric Sell made representations to them which reasonably led them to believe that the parties' relationship had ended, and they would not pursue any claims against each other under the franchise agreements alleged therein, plaintiffs had not pleaded any action or forbearance in reliance on Sell's promises, and specifically that they had not alleged their intention to bring a lawsuit, or forbearance from doing so, based on defendant's representations. *Cf.Mills v. Forestex*

---

[1] The background allegations of the action are summarized, in large part, within the Court's prior order on BP's motion to dismiss the First Amended Complaint (Dkt. No. 22), which the Court incorporates herein.

*Co.,* 108 Cal. App. 4th 625, 652 (2003); *Battuello v. Battuello,* 64 Cal. App. 4th 842, 848 (1998) (allegations that defendant "convinced [plaintiff] not to file a timely suit by telling [plaintiff] that [plaintiff] would receive the vineyard" during settlement negotiations sufficient to plead equitable estoppel).  Plaintiffs now allege not only that Eric Sell made specific assurances that the agreement and loan terms were concluded with no further obligation, but also that plaintiffs agreed to forego commencing litigation based upon those assurances.  (SAC ¶¶ 3, 33, 39, 40.)  Plaintiffs allege that they "responded" to BP's threats of legal action by saying that they were prepared to contact their counsel and commence legal action against BP for misrepresentations as to the San Ramon station and financial misconduct as to the Dublin station.  (*Id.*)

        BP argues that the SAC is a sham pleading because it contradicts the prior pleading.  However, simply pleading additional facts about threatened litigation is not, in itself, contradictory to the prior allegations in the FAC.  While plaintiffs' FAC did not allege that plaintiffs threatened litigation about their dispute with BP, it did allege they believed they had reached a workout agreement with BP in exchange for debranding the stations.  It is not implausible that, if BP's demand letter threatened litigation, plaintiffs countered with a threat to litigate their grievances.  Likewise, given that BP took no action for many years to collect on the sums it demanded in July 2012, the allegations that plaintiffs reasonably believed that the walk away agreement had resolved the dispute between the parties to avoid litigation are not, on their face, implausible.  The new allegation that Tejindar Singh, in late 2012, reassured plaintiffs that the lack of response from Patrick Lemons and Shaheenur Rahman to their phone calls was not a cause for concern, and confirmed that everyone was to "go their own way," does not contradict the prior allegation that *Lemons and Rahman* never responded to plaintiffs' inquiries.  (*Compare* FAC ¶ 39 *with* SAC ¶ 40.)  Finally, the allegations that "plaintiffs' San Ramon station employees reported that Patrick Lemons had stopped by and asked how the station (then operating under the Chevron brand) was doing" (SAC ¶ 41) likewise do not contradict the prior allegation that Lemons never responded to plaintiffs' calls.

        While defendant argues strenuously that the allegations are not credible, credibility determinations are ultimately a matter dependent on an evidentiary showing, not a basis for

2

dismissal at the pleading stage.  Similarly, the Court cannot determine, on the face of the pleadings, that plaintiffs' reliance on the alleged agreement to resolve the dispute was not actual or reasonable. Further, whether statements of another BP representative could bind the corporation is a matter defendants may raise in response to the pleadings, not a basis for dismissal apparent from the face of the complaint.

Therefore, the motion to dismiss Claims 1, 2, 3 and 4 on statute of limitations grounds is **DENIED**.  The SAC adequately states facts which, if proven, would establish a basis for equitable tolling of the statute of limitations here.

## II.     CLAIM 2: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

As to the claim for breach of the covenant of good faith and fair dealing, the allegations here are sufficient to allege a claim that defendant acted to interfere with the benefits of the franchise agreements and to thwart plaintiff's enjoyment of the benefits of those agreements. (refused to allow changes regarding vendors, food supplies, or temporary fuel price allowances, abruptly changed the terms of the fuel pricing and tacked on a high fee; *see* SAC ¶¶ 27-29, 35-37.) "[T]he covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another.  Such power must be exercised in good faith." *Carma Developers, Inc.*, 2 Cal. 4th at 372.  Plaintiffs have alleged lack of good faith exercise of defendant's discretionary powers under the franchise agreements, not extra-contractual obligations.  The motion to dismiss the second cause of action is **DENIED**.

## III.    CLAIM 3: UNFAIR COMPETITION LAW (UCL)

As to the claim under the UCL, the Court's prior order required that plaintiffs allege which prong(s) they were proceeding under and a viable predicate for each such prong.  While the claim continues to state that plaintiffs are proceeding under all three prongs, plaintiffs have added some new allegations in an attempt to cure the previously identified defects.  Plaintiffs' SAC alleges unlawful conduct based upon California statutory provisions concerning fraud (Civil Code §§ 1572, 1709, 1710), as well as the California False Advertising Law, Business & Professions Code § 17500.

Plaintiffs' allegations are that defendant's representatives told them that: the stations would be profitable; the workout agreement would supercede the termination letters; and defendant would not pursue claims against plaintiffs for terminating their franchise agreements. (SAC ¶ 62.) They allege these statements were false and deceptive, and that defendant intentionally concealed the true facts about profitability of the franchises, and its intention to pursue claims under franchise agreements after they were terminated, intentionally waiting for the statute of limitations to run before seeking to foreclose on the liens. (SAC ¶¶ 63, 64.)

To the extent the claims are based upon the California Civil Code fraud provisions, such provisions require an allegation of intent to deceive. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1146 (9th Cir. 2012) (to base a UCL claim on Civil Code 1572, 1709 and 1710, must establish knowledge and intent). A claim based upon the fraudulent business practice prong of the UCL is "distinct from common law fraud" -- while fraudulent deception requires actual falsity, intent, and reasonable reliance, "none of these elements are required to state a claim for ... relief" under the UCL's fraudulent prong. *Morgan v. AT & T Wireless Services, Inc.* 177 Cal.App.4th 1235, 1255 (2009) (internal quotations omitted). Statements that are deceptive or misleading, rather than actually false, are actionable under the UCL's fraudulent prong. *See Boschma v. Home Loan Ctr., Inc.*, 198 Cal. App. 4th 230, 252–53 (2011); *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1471 (2006).

The allegations here are sufficient to state a claim under either the unlawful or fraudulent prongs of the UCL. The motion to dismiss claim 3 is **DENIED** as to the unlawful and fraudulent prongs. However, the motion is **GRANTED WITHOUT LEAVE TO AMEND** as to the unfair prong. Plaintiffs have not alleged any particular public policy at issue, and did not oppose the motion to dismiss on these grounds.

**IV.   CLAIM 4: FALSE ADVERTISING LAW (FAL)**

Defendant moves to dismiss the claim for violation of Business & Professions Code section 17500 as insufficiently pleaded. Section 17500 makes it unlawful for a corporation, either with intent or indirectly, to induce members of the public to enter into any obligation relating to the disposition of property or performance of services based upon advertising that is untrue or

4

misleading. Cal. Bus. & Prof. Code § 17500. Plaintiffs allege that defendant publicly disseminated "advertising" containing untrue or misleading information about "the profitability of and operations of the San Ramon and Dublin stations." (SAC ¶ 72.) However, this conclusory allegation is not supported by any of the factual allegations in the SAC. Plaintiffs allege that BP sales representatives approached them directly about branding their gas stations under the ARCO flag and adding ampm mini markets to their stations. (SAC ¶ 16.) They allege various representations by these BP representatives, but they do not allege "advertising" by defendants or their representatives with respect to the San Ramon and Dublin stations. Cal. Bus. & Prof. Code § 17500 (it is unlawful to make or disseminate false or misleading statements "before the public, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet"); *see also VP Racing Fuels, Inc. v. Gen. Petroleum Corp.*, 673 F. Supp. 2d 1073, 1088 (E.D. Cal. 2009) ("The underlying element of a false advertising claim is some type of advertising statement."). Since the claim does not concern advertising, the allegedly false statements made by the sales representatives are not actionable under section 17500. The motion to dismiss claim 4 is **GRANTED WITHOUT LEAVE TO AMEND**.

## V. CONCLUSION

The motion to dismiss the SAC is **GRANTED** as to the unfair prong of the UCL claim and as to the False Advertising Law claim, but is otherwise **DENIED**. Defendant BP shall file its answer within 21 days of this order.

**IT IS SO ORDERED**.

Date: January 12, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**